

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00350-CV

———————————————

DANIEL WADE, Appellant

V.

CATHRYN ELIZABETH CROOK, Appellee

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-742655-23

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Daniel Wade attempts to appeal from a protective order, *see* Tex. Fam. Code Ann. § 81.009(a), but he filed his notice of appeal more than six months too late.

Generally, a notice of appeal must be filed within thirty days after the appealable judgment or order is signed. Tex. R. App. P. 26.1. "[T]he time for filing a notice of appeal is jurisdictional in this court"; "[a]bsent a timely[ ]filed notice of appeal . . . , we must dismiss the appeal." *Allstate Fire & Cas. Ins. Co. v. Dollard*, 679 S.W.3d 279, 282, 291 (Tex. App.—Fort Worth 2023, no pet.) (quoting *Manning v. Funimation*, No. 02-22-00145-CV, 2022 WL 1573486, at *1 (Tex. App.—Fort Worth May 19, 2022, no pet.) (mem. op.)); *see* Tex. R. App. P. 25.1(b).

Here, the trial court signed its protective order on December 5, 2023, so Wade's notice of appeal was due within thirty days, by January 4, 2024.[1] *See* Tex. R.

---

[1]If an appealing party files a motion for new trial, then the deadline for the notice of appeal is extended. Tex. R. App. P. 26.1(a)(1); *Allstate*, 679 S.W.3d at 282–83. "That is, as long as the motion for new trial is timely—an untimely motion for new trial is 'ineffective to extend the appellate deadlines.'" *Allstate*, 679 S.W.3d at 282–83 (quoting *Manning*, 2022 WL 1573486, at *1 n.3). Wade filed a motion for new trial in this case, but his motion—which was due within thirty days of the December 2023 protective order, Tex. R. Civ. P. 329b(a)—was not filed until May 2024, so it was ineffective to extend his appellate deadlines.

Regardless, even if Wade's motion for new trial had been timely, his notice of appeal would have been due within ninety days after the protective order—by March 4, 2024—and his July 29, 2024 notice would still have come too late. *See* Tex. R. App. P. 26.1(a)(1).

App. P. 26.1. He did not file his notice of appeal until July 29, 2024—more than two hundred days after the protective order.

Consequently, we warned Wade that we could dismiss his appeal for want of jurisdiction unless, within ten days, he filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Wade responded by raising complaints about the evidence presented below, but he did not identify any legal basis for our exercise of jurisdiction over his complaints.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: August 15, 2024

3